THE WESTERN UNION TELEGRAPH COMPANY *v.* JENKINS.

The declaration set forth a cause of action against the telegraph company, the same alleging that the plaintiff's husband, an employee of the company, was killed without fault or negligence on his part and wholly by the fault and negligence of the company, the homicide being caused by the falling of a rotten pole which he had climbed in the performance of the duties of his employment, and its defective condition being unknown to him. If the declaration was defective in matter of form in failing to allege that the company's negligence consisted in keeping the pole in use, either with knowledge of its condition or negligently without knowledge, this was matter for special demurrer. The declaration being good in substance, the court did not err in overruling a general demurrer thereto.                    *Judgment affirmed.*

April 10, 1893. By two Justices. Argued at the last term.

˙Action for damages.    Before Judge EVE.    City court of Richmond county.    May term, 1892.

The widow of Wesley Jenkins sued the telegraph ˙company, alleging as follows: On August 18, 1891, Wesley Jenkins was employed by the defendant as a lineman to remove the wires from certain telegraph poles constituting a part of the telegraph line of the defendant between Augusta and Atlanta, Ga., and at or near a point on said line known as Belair, in Richmond county. The usual and necessary way to do this work was to climb the poles to the point from which the wires were suspended and held in place. While so en-

gaged, under the orders of the defendant and in the careful discharge of the duties incident to his employment, Wesley Jenkins by the defendant's carelessness and negligence was thrown violently from one of the poles from which he was then engaged in disengaging the wires of the line, so that he was fatally injured and died in a few hours. He was without any fault or negligence on his part, and the injury was wholly caused by the negligence of the defendant in having and maintaining a rotten and insecure pole unequal to its office, which condition was concealed from and unknown to Wesley Jenkins, so that when he was at the top of the pole in the careful and proper discharge of his duties, the pole through its inherent weakness broke and fell, causing the injuries aforesaid.

A general demurrer to the declaration was overruled.

J. S. & W. T. DAVIDSON, for plaintiff in error.

HYDE & REYNOLDS, F. W. CAPERS, Jr., and LEONARD PHINIZY, contra.