### 27766. BURKE v. SAMS.

DECIDED DECEMBER 5, 1939.

*Vester M. Ownby,* for plaintiff.
*Robert Lee Avary Jr.,* for defendant.

STEPHENS, P. J. Addie Burke brought suit against H. D. D. Sams to recover damages for personal injuries alleged to have been received by her as a result of the alleged negligence of the defendant in failing to keep in repair premises which the defendant as landlord had leased to the plaintiff as tenant. The substance of the petition is as follows: That the plaintiff entered into a contract of rental as tenant for the premises, with a renting agency who was agent of the defendant, and that the defendant's agent agreed to repair the plastering and to "go over the house generally" before petitioner moved into it, and agreed to "see" that the premises were in a good, safe, and tenantable condition; that the plaintiff, relying on this "representation" of the defendant's agent, entered into the rental contract and made a payment on the rent; that when the premises were rented to the plaintiff the defendant's said agent represented to the plaintiff that the premises were in a safe and tenantable condition throughout with the exception of the plastering which the defendant's agent agreed to repair within twenty-four hours and before the plaintiff moved into the house; that the plaintiff, after moving into the house, discovered that the defendant had not repaired the plastering as agreed; that she immediately made complaint of this failure to the defendant's agent; that after moving into the house she complained of the defendant's failure to make "said repairs," and that on each Tuesday when she paid the rent she complained of the "untenantable condition of the premises," and the defendant's said agent "examined said premises and promised to repair the same each Tuesday," and

that the defendant did not make the repairs until the plaintiff was injured as afterwards set out in the petition. It is alleged further in the petition that afterwards, when petitioner walked across the back porch of the house, which was about five feet above the ground, one of the porch floor boards broke, and her right foot and leg went down between the broken and splintered ends of the board, thereby causing the plaintiff the personal injuries described in the petition. It is also alleged that the boards of the porch through which the plaintiff fell "were to the casual observer safe and sound, and petitioner believed them to be safe, but on the bottom or underside of said board, decay had been at work, and they had become so weakened with great age and the moisture from the ground that they could not sustain or bear the weight of petitioner, and to her surprise broke and resulted in the injury aforesaid." The plaintiff alleges that the defendant was negligent in keeping and offering for rent a house with a defective and dangerous porch after specifically agreeing to repair it, in keeping and renting the house with the floor in a state of decay and apt to injure persons going on the floor, in failing and refusing to repair the floor after the defect was made known to the defendant and after the defendant's agent had made a thorough inspection of the premises at the request of the plaintiff.

The court sustained the defendant's general demurrer and dismissed the petition. The plaintiff excepted.

There is no allegation in the petition that the defendant constructed the building, and that there was any defect in its construction. The alleged defective condition of the premises which caused the plaintiff's injuries was a condition caused by the alleged negligence of the defendant in failing to keep the premises in repair. It is alleged in the petition that the defendant landlord, through his agent, agreed to "go over" the house before the plaintiff moved in, and to put the house in good, safe, and tenantable condition. It does not appear that the defendant made any inspection of the premises, or undertook to make any repairs, before the plaintiff moved into the house. It appears, however, that after the plaintiff moved into the house, and after she had discovered that the defendant had not repaired the plastering as he had agreed to do, she complained to the defendant of this failure, and that after moving in she complained of the defendant's failure "to make said repairs,"

and on each Tuesday when paying rent she complained of the "untenantable condition of the premises," and that the defendant examined the premises and each Tuesday promised to repair them, but did not make the repairs.

The defendant's assurances to the plaintiff before she moved into the house that he would repair the plastering and would go over the house and "see" that it was in good condition was but a reiteration by the defendant of the legal duty resting upon him to make repairs. His failure at that time to go upon the premises and make such repairs as would make it safe and tenantable, in so far as he failed to repair the porch, of the condition of which he had no notice, was not negligence. After the plaintiff had moved onto the premises and into the house, the defendant was under no duty to inspect the premises for the purpose of making repairs, or to repair any defective condition of the premises of which he had no notice. It does not appear that the plaintiff gave the defendant any notice as to any defective condition in the premises except the defective condition of the plastering, which latter defect was in no way connected with the injuries which the plaintiff received. While it is alleged in the petition that the plaintiff complained of the defendant's failure to repair the plastering and complained of the untenantable condition of the premises, it is not alleged wherein the premises were untenantable other than wherein the plastering was defective. Therefore it appears that the plaintiff made no complaint to the defendant of any defective condition of the premises except as to the plastering.

It does not appear that the defendant had any notice of any defective condition in the premises as respects the porch, or of any portion of the premises, the inspection of which would have led to the discovery of the alleged defective condition of the porch which caused the plaintiff's injuries. It appears from the allegations of the petition that the condition of the porch was "to the casual observer safe and sound." This was a latent and not a patent condition. The defendant would not be negligent in failing to discover this condition unless he had notice of some defective condition in the porch or some portion of the premises, the inspection of which would in the exercise of ordinary care by him have led to the discovery of the defective condition in the porch. While it is alleged that the defendant examined the premises and promised

to repair them, it is not alleged to what extent he examined the premises, and it does not appear that he made any such examination of any portion of the premises as would in the exercise of ordinary care have led to the discovery of the alleged defective condition of the porch which caused the plaintiff's injuries. Construing the petition most strongly against the pleader, as must be done, the allegation as to the defendant's having examined the premises and promised to make repairs has reference to examining the premises in response to the plaintiff's notice of the defective condition in the plastering and promising to repair such defect, and that this defect was the untenantable condition of the premises of which the plaintiff complained. Therefore it does not appear that the failure of the defendant to repair the defective condition in the porch, or to discover this alleged defective condition, was negligence.

While it is alleged in the petition that the defendant was negligent in failing to repair the floor of the porch after the defect in the floor was made known to him, this allegation is a mere conclusion of the pleader as to the defendant's knowledge of the defective condition of the porch. There appear no facts whatsoever alleged in the petition showing notice to the defendant of the defective condition of the floor of the porch, or as to any defect other than as respects the plastering.

The petition fails to set out a cause of action. The court did not err in sustaining the demurrer thereto.

*Judgment affirmed. Sutton and Felton, JJ., concur.*