## 28051. CONE *v.* LAWHON.

DECIDED FEBRUARY 29, 1940.

*Roy S. Drennan, Roland Neeson,* for plaintiff in error.
*Frank R. Martin, E. A. Wright,* contra.

STEPHENS, P. J.  Mrs. W. T. Lawhon filed suit for damages against Charles H. Cone alleging that the defendant rented a cer-

tain house to her husband; that on July 31, 1938, while living in the house with her husband the plaintiff "walked out onto the front porch, when suddenly her left foot fell through a board or plank up to her knee in the flooring of the porch," producing the injuries sued for; that the plaintiff "and her husband, on several occasions at the time that the rent was collected at their residence by either the" defendant, W. H. Cone, or a Mr. Davis, notified them that the house was in a bad state of repair, and "specifically told them that there was a bad place in the kitchen, where a plank was in a defective, weakened, and rotten condition;" that before the plaintiff and her husband moved into the house, and about six weeks before the plaintiff was injured, the "defendant's agent promised to make such repairs in order to make the premises in a tenantable condition; however, such repairs were not made until after plaintiff's injuries;" that the plaintiff "also notified the party collecting the rent that the roof over the front porch was leaking, and said condition was observed at one or more times when the rent was collected while it was raining;" that the "flooring on the front porch has never been painted and because of this fact and the fact that the roof over the porch leaked, and the wind frequently blew rain in on the front porch" the porch became "damp, rotten, and weakened; however, petitioner did not know that it was unsafe for walking thereon;" that as a result of the leak over the porch, the failure of the defendant to paint the porch, and the wind blowing rain onto the porch, the porch remained damp a great part of the time; that the dampened condition of the porch was patent, and the defendant could have observed the unsafe condition thereof, and "especially of said plank or board which the plaintiff fell through, by making an investigation of the underside of said porch before the property was rented to the petitioner or during the time that petitioner and her husband were tenants, especially within a reasonable time after the defendant knew, or ought to have known of the unsafe condition of the premises." In paragraph 11 of the petition the plaintiff alleged that the proximate cause of her injuries was the negligence of the defendant, "(a) In failing to keep the rented property in a safe and tenantable condition. (b) In failing to make a proper inspection of the premises before the house was rented to petitioner's husband. (c) In failing to repair the front porch while it was in a rotten and unsafe condition."

The defendant demurred generally to the petition as amended on the ground that no cause of action was set forth; that no facts were alleged entitling the plaintiff to maintain the suit; that on the contrary the petition showed that the premises were in a bad state of repair and the defendant had failed and refused to repair them "after notice and thereby assumed the risk of the bad repairs;" that it was not averred that the condition of the porch constituted a defect that was not patent, but, on the contrary, it was alleged that the defect was patent, and defendant would not be liable for injuries resulting therefrom; that no reason was shown "why the plaintiff herself could not have discovered the defects as well as the defendant; and 'for the further reason that under the allegations of the petition the plaintiff could by the exercise of ordinary care have avoided the consequences of the defendant's alleged negligence." The defendant demurred specially as follows: "To all of paragraph 11 of the petition and moves that the same be stricken, for the reason that the alleged acts of negligence set out therein are irrelevant, immaterial, and are conclusions of the pleader and wrong conclusions of the law; for the reason that under the allegations of the petition upon which the acts of negligence are predicated would not make said alleged acts of negligence constitute allegations upon which a recovery might be had against this defendant." The judge overruled the demurrers, both general and special. To the judgment overruling the special demurrer to paragraph 11 the defendant excepted pendente lite, and to the judgment overruling the general demurrer the defendant sued out a writ of error, assigning error in the bill of exceptions on the exceptions pendente lite.

There is no allegation in the petition that the defendant constructed the house rented to the plaintiff and her husband, and that there was any defect in its construction. The alleged defective condition which caused the plaintiff's injuries was a condition caused by the failure of the defendant to keep the premises in repair. The promises of the "defendant's agent . . to make such repairs" was but a reiteration by the defendant of the legal duty resting on him to make repairs, and his failure at that time to go on the premises and make such repairs as would make them safe and tenantable, in so far as he failed to repair the porch floor which plaintiff alleged was rotten on the underside, it not appear-

ing that he knew or had notice that the underside of the planks comprising the porch floor were rotten, was not negligence.

After the plaintiff had moved into the house the defendant was under no duty to inspect the premises for the purpose of making repairs, or to repair any defective condition of the premises of which he had no notice. It was alleged that the defendant had been notified "on several occasions" when the rent was paid "that the house was in a bad state of repair," and "that there was a bad place in the kitchen, where a plank was in a defective, weakened, and rotten condition," and also that the party collecting the rent was "notified that the roof over the front porch was leaking and said condition was observed at one or more times when the rent was collected while it was raining." It was then alleged that the flooring on the front porch had never been painted, and for that reason and because the roof over the front porch leaked and the wind frequently blew rain in on the front porch, the floor thereof became "damp, rotten, and weakened;" that this condition was patent and that the defendant could have observed the unsafe condition of the porch and "especially of said plank or board which the plaintiff fell through, by making an investigation of the underside of said porch before the property was rented to the petitioner, or during the time that petitioner and her husband were tenants, especially within a reasonable time after the defendant knew or ought to have known of the unsafe condition of the premises."

The only notice given to the defendant, after the plaintiff and her husband moved into the house, was that it was in a bad state of repair, that there was a rotten plank in the kitchen floor, and that the plaintiff notified the party collecting the rent that the roof over the front porch was leaking. Notice to the landlord must be such notice under the law as would call his attention to the defect which causes the tenant's injury. *Ledbetter* v. *Gibbs,* 19 *Ga. App.* 485 (91 S. E. 875). Notice of a defect given by the tenant to the landlord charges the latter with notice only of such other defects as might reasonably be discovered on an inspection to repair the defect of which notice is given. Notice of separate and independent patent defects, in no way connected with a latent defect which is alleged to have occasioned the injury sued for, is not constructive notice of the latter defect. Such notice does not place on the landlord the duty of inspection to discover the latent defect. *Godard*

v. *Peavy*, 32 *Ga. App.* 121 (122 S. E. 634) ; *Hendrick* v. *Muse*, 48 *Ga. App.* 295 (172 S. E 661). Therefore, it appears that the plaintiff made no complaint to the defendant of any defective condition of the premises except as to the general bad state of repair of the house, the defect in the kitchen floor, and the leaking front porch.

It does not appear that the defendant had any notice of any defective condition in the house as respects the floor of the front porch, or any portion of the house, the inspection of which would have led to the discovery of the alleged defective and rotten condition of the front porch floor boards on the underside thereof. The defendant would not be negligent in failing to discover that the boards constituting the floor of the front porch were rotten on the underside unless he had notice of some defective condition in the porch or the house, the inspection of which would, in the exercise of ordinary care by him, have led to the discovery of this defective condition in the porch floor. See *Burke* v. *Sams*, 60 *Ga. App.* 279 (6 S. E. 2d, 596). Notice to the defendant's rent collector or actual knowledge on his part that the roof of the front porch leaked, and that when it rained the wind would blow the rain in on the porch, would not be sufficient to put the defendant on notice that some of the boards of the porch floor were rotten on the underside, or cast on him the duty to inspect the underside of the porch floor. It follows that the petition failed to allege a cause of action, and that the court erred in overruling the general demurrer.

*Judgment reversed. Sutton and Felton, JJ., concur.*