30470. JORDAN *v.* LIBERSON.

PARKER, J. In an action by a tenant against her landlord for injuries alleged to have been sustained by the tenant because of a latent defect in the premises, the defendant's renewed general demurrer to the petition as amended was properly sustained and the petition dismissed, where there was a failure to allege that the owner knew or by the exercise of ordinary care should have known of the latent defect, or

that the defendant constructed or supervised the construction of the building. See *Burke* v. *Sams*, 61 *Ga. App.* 279 (6 S. E. 2d, 596); *Cone* v. *Lawhon*, 61 *Ga. App.* 797 (7 S. E. 2d, 597).

Judgment affirmed. *Sutton, P. J., concurs.*

FELTON, J., dissenting. The petition alleged that the plaintiff leased an apartment from the defendant; that she moved into one of the rooms, and as she started to dust one of the windows with a dust cloth the window slipped and fell on her right hand and forearm; that the sash was so rotten it broke all to pieces, and the large pane of glass cut through her arm; that the defendant was negligent in allowing her to go in the house to occupy it as a tenant, first because there was an implied warranty that the house was safe to live in when the defendant rented it to her, and second, because the defendant's agent after going over the front room was negligent in telling her that this room was safe to move into, and also was negligent in overlooking the fact that the window had no cords; that the defendant also was negligent in renting a room to her to live in with a rotten window sash; that the defendant should have known these facts; and that her injury was due entirely to the negligence of the defendant and her agents. A general demurrer to the petition was sustained. The special demurrers were not passed on.

A landlord is liable to a tenant for injuries resulting from the leasing of premises affected at the time of the lease with a latent defect of which the landlord knew, or, by the exercise of ordinary care, could have discovered before leasing, provided the tenant could not have prevented the injuries by the exercise of ordinary care. *Elijah A. Brown Co.* v. *Wilson*, 191 *Ga.* 750 (13 S. E. 2d, 779). In this case the petition alleged that the defendant was negligent in leasing the room with the rotten window sash, which means that the defendant was negligent in leasing the room with actual knowledge that the window sash was rotten, or that before leasing it the defendant by the exercise of ordinary care could have discovered that the window sash was rotten. I think the ruling in *Western Union Telegraph Co.* v. *Jenkins*, 92 *Ga.* 398 (17 S. E. 620) settles and controls this case. It was stated in that case: "If the declaration was defective in matter of form in failing to allege that the company's negligence consisted in keeping the pole in use, either with knowledge of its condition or negligently without knowledge, this was matter for special demurrer." The cases cited in the majority opinion are not, in my judgment, authority for the ruling made, for the reason that the petitions in those cases were, as interpreted by the court, not actions for the leasing of defective premises, but for failure to repair after notice. I dissent from the judgment of affirmance.

DECIDED MAY 6, 1944.

*Joe Hill Smith*, for plaintiff. *J. Hugh Rogers*, for defendant.