38391.   HARPER WAREHOUSE, INC. v. HENRY
CHANIN CORPORATION.

DECIDED SEPTEMBER 8, 1960—REHEARING DENIED
SEPTEMBER 30, 1960.

490

*Edgar C. Gentry,* for plaintiff in error.

*Byrd & Quillian, Kelley Quillian, John H. Crutchfield,* contra.

GARDNER, Presiding Judge. 1. We will first discuss the question as to whether or not the trial court erred in overruling the general demurrer to the petition. Counsel for the defendant contends that the petition did not set forth a cause of action because it did not allege that the defendant had actual knowledge of the defects in the warehouse. In support of this contention

counsel cites *Flynn v. Inman,* 49 Ga. App. 186 (174 S. E. 551). That case concerned the duty owed by the owner of premises to a licensee. The court held that in a licensee case "An allegation in such a petition that the defendant knew or ought to have known of the alleged defective condition is at best but an allegation of implied notice. *Babcock v. Johnson,* 120 Ga. 1030 (48 S. E. 438)." The case at bar is not a licensee case. In a licensee case the owner of a building must have actual knowledge of the defects which caused injuries. Such is not demanded in a bailor-bailee relationship. Counsel for the defendant also cites *Cook v. Kroger Baking &c. Co.,* 65 Ga. App. 141, 143 (15 S. E. 2d 531) in support of the contention that the case should be reversed. That case was a suit for damages seeking recovery from injuries allegedly received by a person in a Piggly-Wiggly Store. There the court said that there was nothing in the petition to show that the defendant had constructive knowledge of the slippery substance on the floor. There is quite a difference between a defendant knowing that someone, perhaps a customer, has dropped a carrot top on the floor of a grocery store and the situation which is depicted in the case at bar where a beam on the roof was sagging thus causing the pipes to sag and water to accumulate in the sagging part of the pipes. The water in the pipes froze and then the frozen water melted. Surely during all this time a warehouse keeper would have known what was happening. The *Kroger* case is nothing like the case at bar and is not authority for reversal. The case at bar is more like the case of *Parker Motor Co. v. Spiegal,* 33 Ga. App. 795 (127 S. E. 797) where the court affirmed a case where a car had been entrusted to the custody of a bailee and had been wrecked. See also *Stewart v. Greene,* 124 Ga. 975 (53 S. E. 450). The petition was good as against the general demurrer and the court did not err in overruling the general demurrer and letting the case proceed to trial.

2. Neither the plaintiff nor the defendant argues the special demurrers. Hence we will not consider the special demurrers specifically but we might state for the record that they are not meritorious.

3. Special ground 1 assigns error because it is alleged that

the court erred in overruling the defendant's motion to strike the testimony of William B. Smythe. This witness testified on behalf of the plaintiff as to the amount of damage sustained by the plaintiff. The objection to this testimony was that the testimony was hearsay and that the witness was without knowledge or experience to testify as he did. The witness was the treasurer of the plaintiff corporation. He testified that when the damage occurred he went to companies of a like nature and questioned them as to their method of evaluating grades of waste so that he could work out an evaluation of the loss sustained. From the knowledge thus gained the witness determined that the loss was $10,370.10. A cross-examination developed the information that the witness' primary duties were to maintain accounting records; that he did not buy or sell cotton waste; that he did not personally grade cotton waste; that he did not personally supervise the making of cotton waste; that he did not examine all of the 968 bales of waste nor in fact did he examine all of the 422 bales which were alleged to have been damaged. It is our opinion that the court did not err in refusing to have the testimony of this witness withdrawn from the consideration of the jury for the reason that the witness was testifying on behalf of the plaintiff and the testimony was not hurtful and prejudicial because it was relevant and material to determine the amount of damages because no other witness testified as to the value of the waste material. The testimony was material and not harmful, and after a careful reading of this witness' testimony it seems that he was sufficiently informed in the sphere of waste material to be able to testify as he did. Moreover, the defendant himself had admitted the amount of the damage. In *Landrum v. Swann*, 8 Ga. App. 209 (68 S. E. 862), this court said: "But, in exception to the general rule, hearsay may be primary evidence of value. 'It is no objection to the evidence of a witness testifying as to market value that such evidence rests on hearsay.' 1 Whart. Ev. § 449." If this was hearsay evidence, under the record of the case at bar it was admissible and not harmful in view of the fact that the defendant had admitted the amount of the damage. This special ground is not meritorious.

4. Special ground 2 assigns error because it is alleged that the court illegally limited, circumscribed and denied the movant a right to thorough and sifting cross-examination of the treasurer of the company, the same witness who is discussed in special ground 1. This went to an objection by counsel of the plaintiff to certain testimony of the witness in regard to whether or not an insurance adjuster would be a better source of information as to the loss. After much discussion and colloquy the court properly instructed counsel and the witness as to the line of interrogation. These questions were asked out of the presence of the jury and it seems that the court instructed counsel and the witness not to use the word "insurance" but that they could use the words "Underwriter's Salvage Company" or even the name of the company. The trial court was absolutely correct in not allowing the issue of whether or not the defendant carried insurance to come up in the evidence. It has many times been held that where evidence discloses that liability insurance is carried by one of the parties, this is grounds for a mistrial. See *Heinz v. Backus,* 34 Ga. App. 203 (2) (128 S. E. 915) and *Huell v. Southeastern Stages,* 78 Ga. App. 311 (7) (50 S. E. 2d 745). This special ground is not meritorious.

5. Special ground 3 assigns error because it is alleged that the court illegally limited, circumscribed and denied the defendant the right to a thorough and sifting cross-examination of Gordon Price, a witness testifying for the plaintiff. That witness was asked the following question: "I will ask you whether or not dry pipe systems operating normally or efficiently will have no water in the pipes." This also went to the proposition as to whether or not the witness could be asked questions in regard to insurance which might or might not be carried by the defendant. The court did not err in ruling that the witness, with thirty-five years of experience, was qualified to answer the question which is quoted hereinabove and it was not erroneous for the court to rule that the matter of whether or not the defendant carried insurance could not be brought up. The judge properly ruled on both of these questions and this special ground is not meritorious.

6. Special ground 4 assigns error because it is alleged that

certain material evidence was illegally admitted by the court over objections of counsel for the defendant. This testimony was from witness William B. Smythe who testified for the plaintiff on direct examination as follows: "Q. You give it to them (defendant) for safe keeping and pay their charges. Is that not true? A. That's correct." Counsel for the defendant objected to the word "safe keeping" on the ground that it implied a much higher degree of care than the law required of the defendant and that the word implies a guarantee against damage or harm. Code § 12-103 provides that the care and diligence required of the bailee is different in degree according to the nature of the bailment. Code § 12-104 states: "In all cases of bailment after proof of loss, the burden of proof is on the bailee to show proper diligence." This testimony did not place any greater degree of care upon the defendant than the law required. This special ground is not meritorious.

7. Special ground 5 assigns error because it is alleged that the court erred in admitting into evidence over objections of the defendant certain testimony of the witness Hezekiah Bennett. This testimony concerned photographs which showed holes in the wall of the defendant's warehouse. The testimony was elicited by counsel for the plaintiff on cross-examination. Counsel for the defendant contends that there is no evidence as to when the pictures were taken and that there was nothing to show that these pictures reflected the condition of the warehouse when the loss occurred. In view of the whole record in this case, we think that the court properly overruled objections to this testimony on the ground that the witness was on cross-examination and could be probed by counsel for the plaintiff. Actually the damage was caused by leaking pipes and not by holes in the wall of the warehouse, and for this reason also this special ground is not meritorious.

8. Special ground 6 assigns error because it is alleged that the court erred in admitting certain photographs. The same ruling as is set out in special ground 5 applies to special ground 6. It should be pointed out also that the judge stated that the pictures were admitted for identification purposes only, after which no furthur objection was made. In *Mickle v. Moore*, 193 Ga.

150 (1) (17 S. E. 2d 728) the Supreme Court said: "Where in response to an objection of a general nature to evidence the court states that it is admitted for a limited purpose, and the objecting party makes no further objection thereto, no valid assignment of error can be based upon the court's act in admitting the evidence." This special ground is not meritorious.

9. Special ground 7 assigns error because it is alleged that the court erred in failing to grant a mistrial because of certain alleged improper remarks and leading questions made in the presence of the jury. Objections were made to the alleged improper remarks and leading questions and the court sustained the objections, all in the presence of the jury. It is our opinion that the court's remarks sustaining the objections were sufficient to keep these remarks from showing cause of reversal. The court correctly refused to grant a mistrial on this ground.

10. Special ground 8 assigns error because it is alleged that the court erred in refusing to give the following request to charge: "I charge you that the plaintiff in this case assumed the risk of all defects or conditions known to them at time of bailment, and if you find that this loss resulted from any such known risk or defect, the plaintiff cannot recover." It is contended that the plaintiff's agents could have discovered the defects in the pipe when they went into the warehouse and for that reason the question of assumption of risk or contributory negligence should have been presented to the jury. It occurs to us that the defendant, who was on hand all the time, was the party who should have observed the defects, and to try to place the burden on the plaintiff's agents, who very likely visited the warehouse only occasionally, would seem incongruous. The duty was on the defendant, as bailee, to keep the bailor's commodities protected from damage while they were stored in his warehouse. This special ground is not meritorious.

11. Special ground 9 alleges that the court erred in giving the following excerpt in charge to the jury: "I charge you that the proper measure of damages in this case is the difference between the reasonable market value of the property immediately prior to the damage, if any, and the reasonable market value of the property immediately subequent thereto." Since there was

testimony showing the market value of the property before and after the loss (even though counsel for the defendant plays down this evidence), not only was the judge's charge correct but it would have been reversible error had he declined to charge on the difference between the market value of the property immediately prior to the damage and immediately thereafter. This special ground is not meritorious.

12. Special ground 10 assigns error because it alleges that the court erred in charging that the evidence of market value is an exception to the hearsay rule and that a witness may present his opinion based upon what he has been told by persons who are familiar with the market value of such property. As has been stated hereinbefore, an agent of the defendant, one Mr. Pember, admitted the amount of damage done to the plaintiff's goods. Also we cannot agree that there was no evidence as to the value of the commodities immediately prior to the damage and immediately thereafter. This special ground is not meritorious.

13. Special ground 11 assigns error because it is alleged that the court erred in charging the jury as follows: "In this case, I charge you that when the plaintiff makes out his prima facie case, that is, that he bailed these goods, he deposited them, and that there has been a loss, then, the burden shifts and the burden is on the defendant to show proper diligence." Since we have ruled hereinabove that there was evidence as to the value of the commodity immediately before the alleged damage and since there was evidence that the goods were bailed to the defendant, the court did not err in this respect and this special ground is not meritorious.

14. Special ground 12 assigns error because it is alleged that the court erred in charging the jury as follows: "Now, gentlemen, as stated before, the burden of proof generally lies with the plaintiff or the party asserting a fact. In this case, I charge you that when the plaintiff makes out his prima facie case, that is, that he bailed these goods, he deposited them, and that there had been a loss, then, the burden shifts and the burden is on the defendant to show proper diligence." The only difference between this ground and the ground discussed immedi-

ately hereinabove is that it concerns the question as to whether or not the plaintiff's commodities were damaged while in the defendant's possession. In *Washburn Storage Co. v. Mobley*, 94 Ga. App. 113, 114 (94 S. E. 2d 37) this court said: "Under *Code* §§ 12-104, 12-404, and the Act of 1938 (Ga. L. 1937-38, Ex. Sess., pp. 390, 400; *Code Ann. Supp.*, § 111-423), the defendant was bound to exercise ordinary care to protect the plaintiff's property, and his failure to deliver the goods on demand established a prima facie case for the plaintiff. Therefore, the defendant could prevail only by establishing that he had exercised ordinary care to prevent the loss or destruction of the plaintiff's property." This special ground is not meritorious.

15. As to the general grounds, the evidence as to whether or not the stored commodities were damaged by fault of the defendant, counsel for the defendant argues that the plaintiff failed to prove by any substantial evidence that the damage resulted proximately from any of the specific acts of negligence alleged and for this reason the plaintiff cannot recover. We shall discuss in this division the matter of whether or not the court properly overruled the motion for a judgment notwithstanding the verdict. As stated hereinabove, a witness for the defendant testified that in his opinion the sprinkler system sagged because of a sag in the beam. With this testimony the plaintiff needed only to show that the defendant was negligent in allowing the beam to sag and that the sag in turn caused the sprinkler system to sag. There was testimony that the defendant's agent admitted during the course of his testimony that the roof had sagged on previous occasions and that the sag had been repaired. Clearly this was a question for the jury to determine as to whether or not the sag caused damage to the sprinkler system and it was a jury question as to whether the defendant was negligent in failing to properly inspect the system and whether or not inspections were made often enough, particularly in the extremely cold season at the time the damage was done to the plaintiff's cotton waste. We have read all of the testimony carefully and it is our opinion that the jury rendered the proper verdict in view of all the evidence presented.

It must be recalled that there is always a presumption in favor

of the verdict of the jury when there is a question presented to the appellate courts on the general grounds. The court did not err in overruling the motion as to the general grounds.

In regard to the motion for a judgment notwithstanding the verdict, this contains the general allegation that the evidence was not sufficient to sustain the verdict of the jury and for that reason the court should entertain the motion for a judgment notwithstanding the verdict. What we have said in regard to the general grounds of the motion for a new trial applies to this point also and we hold that there is no merit in this contention. There were seven special grounds to the motion for a judgment notwithstanding the verdict. Two of these grounds did not appear in the defendant's motion for a directed verdict. However, none of the special grounds shows any cause for reversal. Neither did the court err in refusing to direct a verdict in favor of the defendants, in view of the record before us.

The court did not err in any of the rulings.

*Judgment affirmed. Townsend, Carlisle and Frankum, JJ., concur.*