45582. BLACK v. NEW HOLLAND
BAPTIST CHURCH et al.

Submitted September 11, 1970—Decided September 23, 1970—
Rehearing denied October 13, 1970.

*Greer, Sartain, Cary & Cromartie, John L. Cromartie, Jr.,* for appellant.

*Norton, Cooper & Deal, W. L. Norton, Jr., J. Nathan Deal,* for appellees.

EBERHARDT, Judge. ■ (a) Error is enumerated on the exclusion of testimony as to admissions alleged to have been made by R. O. Pilgrim, who was treasurer of the church and a member of its board of deacons, (and who had died after making the alleged admissions) as to the condition of the house and the church's responsibility for Black's injuries.

Black's father testified, as did Ralph Vandiver, that Vandiver called Pilgrim on the telephone to ascertain what the church would do about his son's injuries. Vandiver asserted that Pilgrim stated over the telephone that the house "was run down, had been a trouble to the church, and that they hadn't spent any money on it because they didn't know what they were going to do with it," but that they had insurance and that the hospitalization and the like for the Black boy would be taken care of.

Black testified that he saw Pilgrim while at work on his job at a mill and discussed the matter of his son's injuries with him, and that Pilgrim then assured him that "everything would be took [sic] care of—the bills and everything."

This evidence was excluded because (a) it did not appear that Pilgrim was an agent of the church having authority to handle its properties or to make admissions relative to the matter, and (b) as to the matter of insurance, the statement was in no wise a part of the res gestae and was wholly irrelevant to any issue in the case. We find no error in excluding the evidence. While there was testi-

mony that Pilgrim was treasurer of the church, it was further revealed that his duties as treasurer were to receive moneys coming in and to make disbursement thereof *when approved by the congregation, the board of deacons or its finance committee.* He was not in charge of any church property, was not a member of the properties committee, or the finance committee, nor was he a member of the board of trustees. The rentals collected from Sheridan were delivered to him, and it was his duty to keep records thereof and to deposit the money in the church account.

Whether or not the agency of Pilgrim was shown, "The opinion of the defendant's agent that the plaintiff's claim was just and ought to be paid, was not admissible as testimony for the plaintiffs." *East Tenn. Va. & Ga. R. Co. v. Johnson,* 85 Ga. 497 (3) (11 SE 809). And see *Atlantic C. L. R. Co. v. Marshall,* 93 Ga. App. 134, 137 (91 SE2d 96). Nor does it appear that he was authorized, in the performance of his duties as treasurer, or otherwise, to bind the church by the making of any admissions or of any promise or agreement as to the payment of the hospital or other bills. "A corporation is not bound by a declaration of an agent made outside the scope of his agency." *Seaboard A. L. R. v. Sikes,* 4 Ga. App. 7 (5) (60 SE 868). The statements attributed to him were clearly outside the scope of his duties as treasurer.

(b) It is well settled that it is improper to admit evidence relative to the existence of liability insurance in a damage action, since it is irrelevant and immaterial to any issue in the case. *Hoard v. Maddox,* 202 Ga. 274 (4) (42 SE2d 744); *Harper Warehouse, Inc. v. Henry Chanin Corp.,* 102 Ga. App. 489, 493 (116 SE2d 641); *Lanier v. Lee,* 111 Ga. App. 876, 878 (143 SE2d 487); *Schaefer v. Mayor &c. of Athens,* 120 Ga. App. 301, 304 (170 SE2d 339).

■ There was no error in the direction of a verdict for the defendant at the close of plaintiff's evidence. *Code Ann.* § 81A-150 (a). Before the plaintiff could recover he must show that his injury and damage resulted from some negligent act or omission to act in some duty owed to him. *Code* §§ 61-112, 105-104. This he had failed to do. A landlord is not an insurer. In the absence of a contrary agreement between the landlord and his tenant the measure of the landlord's duty to maintain the premises is the exercise of

ordinary care. "A tenant is entitled to exclusive occupancy during the term of the tenancy, and it is his duty, if the premises get out of repair, to notify the landlord of their defective condition. The landlord is under no duty to inspect the premises while the tenant is in possession, in order to keep informed as to their condition." *Ross v. Jackson,* 123 Ga. 657, 658 (51 SE 578).

There is no conflict in the testimony of Mr. Crowe and Mr. Sheridan as to the fact that Sheridan was informed at the time of renting the house that the church would not spend any money on the house—and thus he must take it "as was." Thus, if there were patent defects the church could not be required to remedy them. *Desverges v. Marchant,* 18 Ga. App. 248 (1) (89 SE 221). If there were latent defects, as the uncontradicted evidence here indicates, in order to hold the church it must appear that it knew of them, or in the exercise of ordinary care should have known of them, and failed to disclose them to the tenant. *McGee v. Hardacre,* 27 Ga. App. 106 (107 SE 563). "[A] proper application of the landlord's duty to keep the premises in repair does not, under any theory, result in making the landlord liable for a latent defect in the premises, simply because it existed at the time of the lease." *Elijah A. Brown Co. v. Wilson,* 191 Ga. 750, 751 (13 SE2d 779). And see *Ocean Steamship Co. v. Hamilton,* 112 Ga. 901 (38 SE 204).

As the trial judge pointed out in directing the verdict, there was no conflict in the evidence on this matter. Mr. Crowe, who had charge of and rented the house for the church, testified that the front steps of the house appeared to be in good condition to him. He saw nothing to indicate that they might be decaying from the bottom. He had used them without mishap. The testimony of Mr. Sheridan was to the same effect. He had repaired the step which broke when a telephone intaller stepped on it, but saw nothing then to indicate that there was any defect in the others— they "looked all right." He had used them from the first of January until plaintiff fell through one of them in June and without mishap. The plaintiff had been in the house numerous times as a social caller, entering sometimes by the back steps and at others by the front steps, and he had seen nothing to indicate that there was any defect in them. See *Burke v. Sams,* 61 Ga. App. 279, 281 (6 SE2d 596).

Although there had been mention of the need for paint and wallpaper on the walls when the house was rented, this could not be an indication of a defect in the front steps; nor would a leak in the roof of the back porch, or in the roof over one of the bedrooms, and this is true although the owner knew the house was badly in need of repairs. *Reconstruction Finance Corp. v. Bilton,* 65 Ga. App. 249 (15 SE2d 803); *Cone v. Lawhon,* 61 Ga. App. 797 (7 SE2d 597). While Mr. Sheridan asserted that he learned that water ponded under the house, causing a dampness in it, when he went under it to assist in installing heat and a water heater right after he moved in, the matter was not mentioned to Mr. Crowe, or any other agent of the church, until Crowe and the pastor went out in May to ask the Sheridans to vacate the premises so that the property might be sold. At that time the outside steps at the entrance to the front porch showed no indication of defect, and no complaint was made about them. The facts here are very similar to those in *Burke v. Sams,* 61 Ga. App. 279 (6 SE2d 596), and we think that the trial court properly reached a similar result—sustaining a general demurrer there, and directing a verdict here.

"Under the law of this State, it is presumed that the premises leased are in a condition suitable for the purposes for which they were rented, and if such is not the case, and damage results therefrom to the tenant, the landlord is liable, provided he has had notice of the defective condition of the premises and has failed after a reasonable time to make the necessary repairs, and provided also that the tenant has not been guilty of such negligence as to bar a recovery by him." *Stack v. Harris,* 111 Ga. 149, 150 (36 SE 615). And see *Ledbetter v. Gibbs,* 19 Ga. App. 485 (91 SE 875). The tenant's family, his guests, servants, employees, or others present by his express or implied invitation, stand in his shoes and are controlled by the rules governing as to the right to recover for injuries arising from a failure to keep the premises in repair. *Chamberlain v. Nash,* 54 Ga. App. 508 (2) (188 SE 276); *Golf Club Co. v. Rothstein,* 97 Ga. App. 128, 130 (102 SE2d 654), affirmed, *Rothstein v. Golf Club Co.,* 214 Ga. 187 (104 SE2d 83).

*Judgment affirmed. Jordan, P. J., and Pannell, J., concur.*