## LOUISVILLE & NASHVILLE RAILROAD CO. *v.* LEDFORD.

1. The court did not err in overruling the general demurrer to the petition.
2. The grounds of special demurrer which were not sustained by the court were either without merit or were sufficiently met by amendments to the petition.
3. The court did not err in charging the jury that "There is no law that

impeaches a witness because he is an agent or employee of a railroad, or connected with a railroad corporation. It is a question you may consider as regarding his interest, in judging his credibility."

4. The court erred in instructing the jury that "If different witnesses, in testifying about a matter, agree upon the material facts testified to by them, slight discrepancies as to collateral, attendant facts afford no sufficient legal ground to discredit their testimony." This charge was in violation of the fixed and unvarying rule of law of this State, that the amount of credit to be given witnesses and their testimony, and what will affect their credibility, is exclusively for determination by the jury.

5. In a suit to recover damages for personal injuries causing physical pain, suffering, and illness, as well as mental pain and suffering, it is inapt to charge the jury: "In some cases the entire injury is to the peace and happiness of a party. In cases of this kind, the only measure of damages prescribed by law is that to be determined by the enlightened consciences of impartial jurors."

6. Another ground of the motion for a new trial is that the court erred in failing to charge the jury that if the plaintiff by the exercise of ordinary care could have avoided the consequences of the defendant's negligence she could not recover. Under the evidence in this case the court should have given this principle of law in charge to the jury, and the failure to do so is ground for the grant of a new trial.

7. The court's charge relative to impeachment of witnesses by proof of general bad character was unauthorized by the evidence and should not have been given.

DECEMBER 15, 1914.

Action for damages. Before Judge Patterson. Gilmer superior court. December 8, 1913.

Mrs. Frank Ledford brought suit against the Louisville and Nashville Railroad Company, to recover damages for personal injuries alleged to have been received in consequence of certain acts of negligence set forth in the petition. She alleged, in substance, that the defendant company was a carrier of passengers, and that on the night of November 18, 1911, she went to the station at the town of Ellijay, on the line of the defendant's railway, for the purpose of becoming a passenger upon one of its passenger trains going north and scheduled to arrive at about 7:30 p. m. She purchased a ticket; and while waiting for the train in the waiting-room of the depot, she suddenly became sick, and wanted water. There was no water in the depot to which she had access; and she inquired of the agent in charge of the depot as to where she could obtain water, and he directed her to a pump outside of the depot. She attempted to go to the pump as directed by the agent; she went out of the waiting-room on the platform of the depot, which was not lighted in any way, nor protected and guarded by any bannisters either around

the same or along the steps leading to the platform; and while trying to find her way to the pump she fell from the platform to the ground, a distance of several feet, and in consequence of the fall was greatly bruised, her left eye was injured, her wrist and two of her fingers were broken, and she received several other specified injuries. In an amendment to the petition it was alleged, that, in attempting to go from the platform to the pump along the passageway provided for passengers, her foot struck some obstruction, either a raised plank or a nail in the floor, which defendant had negligently permitted to remain in that condition; that the defendant had bannisters along the edge of the platform, but they did not continue the entire distance from the door of the waiting-room to the steps of the platform, suddenly terminating within about three to four feet of the corner, leaving this space unprotected; but that petitioner thought that the bannisters continued to the end of the platform and up to the steps, and relied upon their continuing all the way, and in consequence of the lack of bannisters and striking her foot against the obstruction, she received the fall from the platform, sustaining the injuries set forth. The defendant filed a general demurrer to the petition, and demurred specially upon numerous grounds. The general demurrer was overruled, and certain of the special demurrers were overruled while others were sustained. The trial of the case resulted in a verdict for the plaintiff. The defendant made a motion for a new trial, which was overruled.

*D. W. Blair, Tye, Peeples & Jordan, A. H. Burtz,* and *C. H. Griffin,* for plaintiff in error. *Clay & Morris,* contra.

BECK, J. (After stating the foregoing facts.)

1. The court did not err in overruling the general demurrer to the petition. If supported by evidence, the jury would have been authorized to find that the defendant company was so far wanting in diligence, under the circumstances, that it would be liable for injuries sustained in consequence of its failure to exercise that degree of care and diligence due to the plaintiff at the time she was injured.

2. The grounds of special demurrer which were not sustained by the court were either without merit or were sufficiently met by amendments to the petition.

3. Complaint is made of the following charge of the court:

"There is no law that impeaches a witness because he is an agent or employee of a railroad, or connected with a railroad corporation. It is a question you may consider as regarding his interest, in judging his credibility." Error assigned upon this charge relates to the last sentence, wherein the jury is instructed that "It is a question you may consider as regarding his interest, in judging his credibility." The plaintiff in error insists that "there was no evidence that the employees of the company had any interest in the case, and that the instruction was unauthorized, inapplicable, hurtful, and was expressive of the opinion of the court that the agent or employee of the company was interested in the litigation." Considering the entire excerpt from the charge quoted above, it was not open to the criticism made upon it. The question is not a novel one, and discussion of it is unnecessary. See *Central of Georgia Railway Co.* v. *Bernstein,* 113 *Ga.* 175 (38 S. E. 394), and other cases touching a similar question collected in 12 Michie's Dig. Ga. R. 1080.

4. Error is assigned upon the following instruction to the jury: "If different witnesses, in testifying about a matter, agree upon the material facts testified to by them, slight discrepancies as to collateral, attendant facts afford no sufficient legal ground to discredit their testimony." The criticism upon this part of the charge is that the court invaded the province of the jury, in telling them what fact or facts would be sufficient to discredit the testimony of a witness; and we are of the opinion that the exception is well taken. We are compelled to repeat what has been so often said before, that the credit of a witness and his testimony is exclusively a question for the jury. Any invasion of this sole province of the jury is ground for the grant of a new trial. What effect "slight discrepancies as to collateral, attendant facts" shall have upon the testimony of a witness must be settled by the jury, and the court should not attempt to aid or guide them touching such a question. If he does so, under our law a new trial follows; certainly, unless it happens to be in one of those cases where it can be properly said that no other verdict than the one rendered could have been rendered under all the facts of the case.

5-7. The rulings made in headnotes 5, 6, and 7 require no discussion. Relative to headnote 5, see the case of *Louisville & Nashville Railroad Co.* v. *Ogles,* ante, 720 (83 S. E. 681). And relative

to headnote 6, see *Atlanta &c. Ry. Co.* v. *Gardner*, 122 *Ga.* 82 (49 S. E. 818).

*Judgment reversed.    All the Justices concur, except Fish, C. J., absent.*