21340. McCANN *v.* DIXIE LAKE AND REALTY CO.

DECIDED FEBRUARY 16, 1932.

*Shelfer & Dunaway, Bryan, Middlebrooks & Carter, William B. Jones,* for plaintiff in error.

*Lawrence S. Camp, J. Wilson Parker,* contra.

LUKE, J. Mrs. A. E. McCann brought suit against the Dixie Lake and Realty Company for the value of certain jewelry which her husband checked with an agent of the defendant while she and her husband went in a swimming pool operated by the defendant, and which property was never returned to her by the defendant. The evidence showed that A. E. McCann had received $1675 from an insurance company which partially compensated for the loss, and also showed that there was $95 worth of jewelry so lost which

was not covered by insurance. The jury returned a verdict in favor of plaintiff for $45, and, by consent of counsel for the defendant, judgment was rendered for the plaintiff for $95. The plaintiff made a motion for a new trial, which was overruled, and on the judgment overruling said motion she assigns error in her bill of exceptions. She assigns error also on exceptions pendente lite complaining of the allowance of an amendment to defendant's answer.

We will deal only with the controlling issue, which involves the construction of the receipt given by A. E. McCann to the insurance company for $1675, paid by the company for so much of the lost property as was insured. The defendant company takes the position that the receipt constitutes a complete and unconditional assignment to the insurance company of the plaintiff's cause of action against the defendant company. The plaintiff takes the position that, in order to serve her best interest, she agreed to and did accept the payment of $1675 as a loan, and agreed to enter suit against the defendant company to recover said lost property, and to repay said loan to the extent of any recovery she might make, and pledged such recovery as security for the repayment. Under our view of the case it is not necessary to decide whether the receipt signed by her husband was binding on the plaintiff, but we will assume, for the purposes of this opinion, that it was. Nor is it necessary to pass on the exceptions pendente lite.

The receipt given the insurance company by McCann was as follows: "Received from the Commercial Union Assurance Company, who issued All Risks Policy No. AR-6585, the sum of sixteen hundred seventy five dollars . . as a loan, and repayable only to the extent of any net recovery we may make from the owners of the Dixie Lake swimming pool, concession of Campbell County, Georgia, on account of the loss of several pieces of jewelry, and as security for such repayment we hereby pledge to the said Commercial Union Assurance Company the said recovery, and agree to enter and prosecute suit against the said owners of the Dixie Lake swimming pool concession of Campbell County, Georgia, or others in my name, but at the sole expense and under the exclusive direction and control of the said Commercial Union Assurance Company." Of course, McCann wished to collect from the insurance company and the insurance company wished to recover as much

of their loss as possible. If these parties decided that their best interests would be served by making the payment a loan subject to repayment upon and to the extent of the recovery of the property by McCann, they had a perfect right to make such an agreement, which they did. And the language employed by the signer of the receipt clearly shows his intention to accept and treat the payment as a loan, and to receipt for a loan and not make an assignment of his chose in action. The paper states in plain and unambiguous language that the money was "Received . . *as a loan*," and states that it is *"repayable"* upon certain conditions, and states the terms upon which it is *"repayable,"* and pledges any property that might be recovered as *"security for such repayment"* (italics ours), and shows further that McCann should enter suit for the stolen property in his own name; and there is no provision for the Assurance Company to sue as assignee, nor is there any reference to an assignment or transfer of the plaintiff's claim. Neither is there any ambiguity or concealment about the paper. It shows clearly that the Assurance Company is paying McCann for the stolen property, and that, to serve their best interests and more nearly insure a recovery, they have elected to give the payment the legal status of a loan subject to repayment on certain conditions. In signing such receipt Mrs. McCann is fully protected, because if she does not recover her property she is paid for it, and if she does recover it she has sustained no loss, is entitled to no pay, and is due to repay the money to the Assurance Company. For the suit to be prosecuted by Mrs. McCann at the expense of the Assurance Company is a usual provision of insurance contracts, and enables the Assurance Company to recover or lessen its loss.

The court charged the jury as follows: "If you find in this case there was an assignment of any of plaintiff's rights to another party, and that other party has paid to plaintiff for loss of any articles alleged which is sued for in plaintiff's petition, you would not consider any damage against the defendant for these articles if the evidence shows that they were paid for; but I charge you that if you find for the plaintiff, the plaintiff would be entitled to recover the value of any articles that were lost as alleged that were not paid for by the party taking the assignment from the plaintiff." This charge was error because there was no evidence of an assign-

ment, and nothing to authorize or justify such a charge, and because the court gave the jury no definition or rule to guide them as to what constituted an assignment. Furthermore, the construction of the plain and unambiguous written instrument hereinbefore set out, which defendant contended was an assignment, was a matter for the court and not for the jury. *King* v. *Cantrell,* 4 *Ga. App.* 263 (61 S. E. 144). Upon the jury's return to the court-room for more explicit instructions the court charged them as follows: "If you find in favor of the plaintiff, you would not be authorized to find for any article that was insured that she has been paid its value; but if you find for the plaintiff, you would return a verdict for the value of the articles that were not paid for by the insurance company." This charge was error because it virtually assumed that the plaintiff had assigned her right of action as to that portion of her property for which she received insurance; because it directed a verdict for the defendant to the extent of the insurance; and because it was unauthorized by the evidence. The plaintiff was entitled to recover the proved value of the property which the defendant, through nonperformance of its duty, failed to redeliver to her. Plaintiff's right of action accrued when the defendant failed to deliver her property. This right, or chose in action, was a thing of value which she had a lawful right to use in such way as would benefit her most; she found that she would derive the most benefit from it by accepting the payment from the insurance company as a loan, and agreeing to repay it from such recovery as she might make from the prosecution of her right of action. This she did, and the receipt plainly shows that she pledged her recovery as security for such repayment. A. E. McCann, whose case was tried with that of his wife, but who recovered in full and therefore is not a party here, testified: "The title to these articles was not in the insurance company; they did not belong to the insurance company; they belonged to A. E. McCann and Mrs. A. E. McCann."

In *Didschuneit* v. *Enochs Lumber and Manufacturing Co.,* 42 *Ga. App.* 527 (156 S. E. 720), the first headnote is as follows: "The documentary evidence relied on by the defendants to show that the plaintiff had transferred and assigned the account sued on, and was thus not entitled to maintain the action, disclosed no intention on the part of the plaintiff to sell or assign the indebtedness, and none on the part of the alleged assignee to purchase the same;

and, hence, the evidence failed to show any legal or equitable assignment of the claim in controversy." In *Mobley* v. *Macon National Bank*, 42 *Ga. App.* 267 (155 S. E. 778), it is held that "Where stock of a bank is pledged to a creditor as collateral security, the real owner of the stock is the pledgor, and not the pledgee. The legal title is in the pledgor, and the pledgee has merely a lien thereon." In the instant case Mrs. McCann, who pledged any recovery that she might derive from her prosecuted right of action "as security for such repayment," was the pledgor or owner, and the insurance company was the pledgee, with a lien on such recovery as she might make. The fact that she pledged this recovery would, in the absence of fraud, accident or mistake, create a presumption that the legal ownership thereof was in her. The value of a chose in action is more or less problematical, and the amount of recovery for it is uncertain, until the case is prosecuted to final judgment. In the instant case a part of the plaintiff's property was insured and a part was not, and there is nothing to show any division of the plaintiff's right of action. In *Silver* v. *Ridley-Yales Co.*, 166 *Ga.* 49 (1 *a*) (142 S. E. 279), it was held that where the signer of a note waives homestead and exemption rights and exemption under bankruptcy proceedings, "'and authorizes any trustee in bankruptcy, upon proof and allowance of this claim, to retain and sell sufficient of the property claimed as exempt, to pay amount allowed on this debt' [this is] not a sufficient assignment, . . nor does it show an attempt on the part of the debtor 'to at once transfer' any right or title belonging to him."

There being no evidence to show an intention on the part of the plaintiff to assign or transfer her right of action, and none to show an intention on the part of the insurance company to become an assignee or transferee of the right of action, the plaintiff was entitled to recover the value of such property as she proved to be lost through the negligence and nonperformance of duty of the defendant, and the court erred in limiting her recovery to the amount of property not insured, and erred in overruling her motion for a new trial.

*Judgment reversed. Broyles, C. J., concurs. Bloodworth, J., absent on account of illness.*