32539. WATSON *et al. v.* RIGGS.

DECIDED JULY 15, 1949. REHEARING DENIED JULY 28, 1949.

*S. A. Nunn, Harris, Harris, Russell & Weaver,* for plaintiffs in error.

*S. Gus Jones, George B. Culpepper Jr., W. D. Aultman,* contra.

FELTON, J. This is the second writ of error in this case. For a statement of the case see *Riggs* v. *Watson,* 77 *Ga. App.* 62 (47 S. E. 2d, 900).

1, 2. As the judgment is being reversed on other grounds, the questions of excessiveness of the verdict and improper communications of third parties with certain jurors will not be considered.

3. Ground 3 of the amended motion for a new trial has been abandoned.

4. Special ground 4 complains of the following charge to the jury: "There are two types of negligence on which the plaintiff may be entitled to recover. One is called negligence per se, which is a violation of some particular statute or ordinance which proximately causes the collision and the other type includes that field which is commonly known as simple negligence, which means that, while the act complained of is not a violation of some specific law or ordinance, such as driving without efficient and serviceable brakes, or driving without having the vehicle equipped with a horn, bell, or signaling device, or violating a speed law, or having the vehicle under immediate control under certain conditions, it still is such an act as will give rise to a cause of action.

"In this connection, Mrs. Riggs has alleged that the driver failed to give any warning of his approach and failed to turn his truck in order to avoid striking the child, and that he failed to keep a proper lookout and that he failed to bring the truck to a stop in order to avoid striking the child; she also alleges against Watson and Williams, among other things they negligently failed to properly inspect the truck in order to determine the condition of the brakes and horn. All of these are allegations of simple negligence. If proven to your satisfaction, they may constitute just as much a breach of duty and form just as well a foundation for recovery as would a violation of some particular law. All of this is, of course, subject to the condition that such alleged breach is the approximate cause of the loss and is subject to the other rules of law I am giving you in charge."

We see no error in the first paragraph of the charge complained of. We think that the second paragraph was erroneous. The petition in this case alleged that the things stated by the court to have been alleged were *negligently* done. The court did not include this term in stating what was alleged. In stating that what the court said was alleged were allegations of simple negligence amounted to an expression of opinion that the acts stated to have been alleged amounted to simple negligence. The charge also expressed the opinion that, if the acts stated by the court to have been alleged were proved to the satisfaction of the jury, they could be found to be simple negligence and basis for a cause of action whether they were *negligently* done or not. A trial judge may not tell a jury what acts would or would not constitute negligence unless the acts have been declared by statute to be negligent. *Savannah, Florida &c. Ry. Co.* v. *Evans,* 115 *Ga.* 315 (41 S. E. 631, 90 Am. St. R. 116) ; *Atlanta & West Point R. Co.* v. *Hudson,* 123 *Ga.* 108 (51 S. E. 29).

5. The exception in ground 5 is covered by the ruling in division 4.

6. Ground 6 complains of the following charge: "The law also provides, upon approaching, or passing any person walking in the roadway, or traveling any public street, or highway, or upon any bridge, or crossing at an intersection of public streets or highways, the operator of a motor vehicle or motorcycle shall at all times have the same under immediate control." The ex-

ception to this charge is the same as the exception to a similar charge in *Christian* v. *Smith*, 78 *Ga. App.* 603 (51 S. E. 2d, 857), where this court ruled against the contention of the plaintiff in error. The request to review and overrule that case as to this question is denied.

7. Ground 7 complains of the following charge: "I will give you in charge another statutory provision of law, but I charge you that this section has application in this case only in the event you determine from the evidence in this case that the place of collision was a dangerous place. Whether or not the place of this collision was a dangerous place is a question solely for your determination from the evidence. If you determine that the place of collision was not a dangerous place, then you will not apply this statute to this case. If you determine that the place of collision was a dangerous place, then you will apply this statute to this case in determining whether or not the defendant Watt was guilty of negligence per se. The law to which I here refer is, that the operator of a motor vehicle or motorcycle in motion on any public street or highway shall give due and timely warning, by using his signaling apparatus, and reduce speed upon approaching any dangerous place upon such street or highway." The complaint is that there is no evidence from which the jury could find that the place of the collision was a dangerous place. There is no evidence set forth in this ground, and this court cannot ascertain whether it is meritorious or not without sifting the entire brief of evidence. The ground does not show error.

8. Ground 8 complains of the following charge: "The driver of a truck in a municipality has no right to assume that the street is clear, but must keep a vigilant lookout ahead for pedestrians, particularly at places where the conditions are such that there are reasons for anticipating the presence of pedestrians. A child the age of Jones Roney Riggs at the time of his death, who was running across a street at a forty-five degree angle, may properly be considered a pedestrian, and there is no law so far as this case is concerned which prohibits a child the age of Jones Roney Riggs at the time of his death from playing in the street, or from crossing the street at any point he might desire. Such a child has as much right upon the street and in

the street as a truck such as the one driven by the defendant Watt. There is a presumption that every one will obey the law. The plaintiff contends that the collision was occasioned by the negligence of the defendants. A pedestrian and a person with an automobile have each the right to use the public highway, but the right of an operator of an automobile upon the highway is not superior to the right of the pedestrian, and it is generally the duty of each to exercise his right with due regard to the corresponding rights of the other. The driver of an auto is bound to use reasonable care and to anticipate the presence on the streets of other persons having equal rights with himself to be there, and a pedestrian when lawfully using the public highway is not bound to be continually looking and listening to ascertain if autos are approaching, under the penalty, if he fails to do so and is injured, it must be conclusively presumed that he was negligent. The pedestrian generally must use reasonable care only, and you will bear in mind that in this case as I have charged you, the law places no duty upon the child himself, the deceased, to exercise any degree of care for his own protection. You may consider whether or not the plaintiff herself is chargeable with a failure to exercise due care and whether or not such failure, if any, was a proximate cause of the accident."

One of the exceptions to this charge is meritorious. The statement to the jury, that the driver of a truck in a municipality has no right to assume that the street is clear, but must keep a vigilant lookout ahead for pedestrians, falls under the prohibition stated in division 4. While appellate courts have probably used in opinions the language charged, the rule as to trial judges still obtains, and a trial court should go no further than to charge in effect that the driver of a motor vehicle is under a duty to exercise ordinary care to anticipate the presence of other persons in the streets having equal rights with him to be there.

9. Ground 9 is in effect the same as ground 8.

10. There being no argument on the general grounds, they are treated as abandoned.

The court erred in overruling the motion for a new trial, because of errors shown in grounds 4, 5, 8, and 9.

*Judgment reversed. Sutton, C. J., and Worrill, J., concur.*