44378. EIDSON, Executor v. MATHEWS.

Whitman, Judge. This case arises out of a collision between two automobiles. The car being driven by defendant's testate,

Howell P. Eidson, was alleged to have collided with plaintiff's car. The complaint alleges that the plaintiff suffered personal injury and property damages caused by the negligence of Eidson. A trial was had with the jury finding in favor of the plaintiff and awarding damages. The defendant appeals from the trial court's order denying his motion for new trial and enumerates the same as error. Also enumerated as error is the denial of a motion for judgment notwithstanding the verdict. *Held:*

1. The motion for new trial, as amended, contended that the trial court invaded the province of the jury in its instructions to the jury and committed reversible error in so doing. We have reviewed that portion of the charge complained of and agree with the appellant.

Timely exceptions were made to the following portions of the trial court's charge: "[T]he plaintiff in this case has made out a prima facie case under the law. The evidence is undisputable in this case that the deceased, Howell P. Eidson, ran across the street and his automobile collided with that driven by the plaintiff in the case. . . Now, Gentlemen, in this case, I have already instructed you that the plaintiff has made out a prima facie case against the defendant, since he has shown by the undisputed evidence that the defendant's acts were responsible for the collision."

These instructions were tantamount to an instruction that the plaintiff had proved every element required for recovery in a case such as this, to wit, duty owed, breach thereof, damage, and that such damage was proximately caused by the breached duty.

Whether certain acts constitute negligence and, further, the proximate cause of the injury, are questions for the jury to decide and any instruction which suggests or states that such has been shown invades the province of the jury. *Johnson v. Wofford Oil Co.*, 42 Ga. App. 647 (157 SE 349).

"A trial judge may not tell a jury what acts would or would not constitute negligence unless the acts have been declared by statute to be negligent." *Watson v. Riggs*, 79 Ga. App. 784, 785 (54 SE2d 323). "It is the duty of the judge to explain to the jury what is meant by ordinary care, but he cannot rightfully direct them that certain facts recited by him do or do not constitute ordinary care in a given case. Negligence and diligence are questions for the jury, to be deter-

mined in each case upon its own facts, and the judge would invade their province should he declare when either is proved. The court has qualified this rule to the extent only of deciding that, where the law itself requires the performance of any act, the judge may instruct the jury that due diligence would require the doing of such act." *Tift v. Jones*, 77 Ga. 181 (6) (3 SE 399).

The exception referred to in the *Tift* and *Watson* cases, as to when a court may state to a jury that an act constitutes negligence, has regard to negligence per se. "[W]hen any specific act or dereliction is so universally wrongful as to attract the attention of the lawmaking power, and this concrete wrong is expressly prohibited by law or ordinance, a violation of this law, a commission of the specific act forbidden, is, for civil purposes, correctly called negligence per se. In those jurisdictions in which the application of the facts to the law rests with the jury, the court cannot primarily declare that any particular concrete act or state of circumstances amounts to a breach of duty, unless the law so expressly declares; this finding is left to the jury; but if the law itself puts its finger on a particular thing and says 'this is wrong,' the court may also (for there is no question as to a fact which the law says exists) put its finger on that same thing and say, 'This is negligence—negligence per se.'" *Platt v. Southern Photo Material Co.*, 4 Ga. App. 159, 163 (60 SE 1068).

But even in those cases in which a trial court may instruct the jury that an act would be negligence per se if the jury were to find that the act had been committed, it is still a jury question as to whether the particular "negligence per se" act was the proximate cause of the injury and damage for which recovery is sought. *Lane v. Varner*, 89 Ga. App. 47 (2b) (78 SE2d 528). See also *Stanfield v. Johnson*, 95 Ga. App. 349, 353 (98 SE2d 106), reversed as to another party, *Gulf Oil Corp. v. Stanfield*, 213 Ga. 436 (99 SE2d 209).

2. The trial court did not err in overruling the defendant's motion for judgment notwithstanding the verdict. The evidence did not demand a verdict for the defendant.

3. We will discuss one other portion of the charge which is enumerated as error as it is likely to arise on the new trial.

The appellant contends that the trial court erred in giving the following charge: "Gentlemen, the burden of proof, in reference to an affirmative defense, rests upon the defendant in the

case, and the defendant must show, by a preponderance of the evidence in the case, that the deceased, Howell P. Eidson, did have a stroke immediately prior to the collision, and that the collision was an act of God, rather than caused by any negligence on the part of the decedent."

The charge is contended to have been erroneous for the reason that it is the burden of the plaintiff to show that the collision resulted from some conscious act or endeavor on the part of the defendant; that evidence of a defendant's incapacitation is evidence to be considered in determining the defendant's negligence and is not an affirmative defense in the sense that it must be affirmatively alleged and proved.

The charge was not erroneous for the reasons assigned. We know of no presumption, with regard to one out driving an automobile, that he is unconscious until shown to be conscious. Cf. *Holcombe v. State*, 5 Ga. App. 47 (4) (62 SE 647). The appellant relies upon the case of *Freeman v. Martin*, 116 Ga. App. 237 (156 SE2d 511), where a motion for nonsuit was sustained and affirmed on appeal. In that case Freeman was a passenger in a car being driven by Martin and there was a collision with a utility pole. Freeman, the only witness, both alleged and testified that Martin slumped unconscious in the driver's seat before the collision occurred. The fact of unconsciousness prior to the collision was admitted. There is no such admission in the present case. The instruction regarding the burden of proving the defense, an Act of God, was not erroneous for the reasons assigned. By *Code* § 102-103, "act of God," among other things, means sudden illness, and an act of God constitutes a *defense* in respect of which burden of proof is on a defendant to establish such defense. See *Sampson v. General Electric Supply Corp.*, 78 Ga. App. 2, 8 (50 SE2d 169).

The trial court erred in denying the defendant's motion for a new trial for the reasons set forth in Division 1.

*Judgment reversed. Bell, C. J., Jordan, P. J., and Quillian, J., concur. Pannell, J., concurs specially. Hall, P. J., Eberhardt and Deen, JJ., dissent as to Division 3 of the opinion. Evans, J., did not participate.*

SUBMITTED APRIL 8, 1969—DECIDED OCTOBER 20, 1969— REHEARING DENIED NOVEMBER 25, 1969—

*Powell, Goldstein, Frazer & Murphy, Frank Love, Jr., Randall L. Hughes,* for appellant.

*John I. Kelley, Foster & Fudge,* for appellee.

PANNELL, Judge, concurring specially. I concur in Divisions 1 and 2 of the opinion and concur in the result reached in Division 3, that the charge therein mentioned "was not erroneous for the reasons assigned"; however, it is my opinion that the charge complained of might be error for other reasons and is not in proper form for charging a jury on the subject matter.

HALL, Presiding Judge, dissenting as to Division 3. In my opinion the trial court erred in charging that the defendant had the burden of proof in showing the collision was an act of God. Loss of consciousness of a driver is not an affirmative defense for which a defendant has the burden of proof. On the contrary, a plaintiff cannot recover "because there is a failure to show any negligence on the part of the defendant." *Freeman v. Martin,* 116 Ga. App. 237, 239 (156 SE2d 511). See also concurring opinion in *Norman v. Allen,* 118 Ga. App. 394, 398 (163 SE2d 859). An exception to this rule exists where a defendant continues to drive, knowing he is subject to attacks of loss of consciousness. *Jackson v. Co-op. Cab Co.,* 102 Ga. App. 688 (3) (117 SE2d 627).

I am rather amazed at the tergiversation of those judges making up the judgment of this court as to Division 3. In 1967, they said this is not an affirmative defense and the burden is on the plaintiff. In 1969, they say it is an affirmative defense and the burden is on the defendant. With such a record of predictability, would anyone dare guess what they will hold in 1970?

While in the recent past our courts have usually referred to a collision caused by loss of consciousness as an "unavoidable accident," the majority opinion (perhaps based upon the stanza "Gimme that old time religion") prefers to use the term "act of God." This is an 1847 definition found in *Code* § 102-103 and expressly "excludes all idea of human agency." However, regardless of which term is used, evidence of incapacitation is to be considered in determining whether a defendant was negligent and is not an affirmative defense in the sense that it must be affirmatively alleged and proved. See *Code Ann.* § 81A-108(c)

for the list of affirmative defenses. "It has been held that, as a matter of pleading, the claim that an accident was unavoidable is never legitimately an affirmative defense, but its purpose has been served if the denials in the answer adequately respond to the charges made." 65A CJS Negligence § 197(c).

Neither *Code* § 102-103 nor *Sampson v. General Electric Supply Corp.*, 78 Ga. App. 2, 8 (50 SE2d 169) is authority for the trial court's charge. The Code section defines an "act of God." The *Sampson* case merely held that a partially stopped-up sewer was not an act of God.

It may be that the majority is confused over the difference between "burden of proof" (or if you prefer "burden of persuasion") and "burden of producing evidence." One legal scholar has pointed out that this court has on other occasions demonstrated its nescience on this question. See Green, Georgia Law of Evidence, 80-81, § 22; also Agnor, Encyclopedia of Georgia Law 376-377, §§ 133, 134. It is elementary that a court should never charge the jury on the "burden of producing evidence." By allowing the issue to go to the jury, the court itself has already decided that a party has carried his "burden of producing evidence." See IX Wigmore on Evidence 279-280, § 2487.

In any event, we are fortunate that only four judges make up Division 3 of the majority opinion. As a result, the decision will not serve as a binding precedent for the future. However, I seriously doubt that this will be appreciated by the defendant in this case.

Judges Eberhardt and Deen both concur in holding that loss of consciousness of a driver is not an affirmative defense for which a defendant has the burden of proof.