## 44990.   ROGERS v. BLACK.

EVANS, Judge. This is a malpractice case—arising out of the death of a small male child resulting from what was believed to be an insect sting and because of the alleged improper care by his physician. The death certificate shows death was caused by (a) cerebral edema; (b) acute hemorrhagic glomerulonephritis; and (c) anaphylactic reaction to insect bite. The suit was brought by the mother of the deceased against the medical doctor for the full value of the child's life, alleging that he was negligent in (a) "improperly prescribing prescriptions for medicines and drugs" not generally used in the medical practice to treat the cause of the child's illness and complaint; (b) failing to properly attend the child after accepting responsibility therefor; (c) prescribing medicines for a disease with which the child was not afflicted; and (d) in failing to exercise the standards of a doctor of medicine, particularly a child specialist, in the treatment of said child. The above grounds of negligence are alleged to constitute the proximate cause of the child's death. The case proceeded to trial, resulting in a verdict and judgment in favor of the defendant. Plaintiff filed a motion for new trial which was later amended, heard, and overruled. The appeal is from the judgment denying the motion for new trial as amended.

The evidence, in the main, shows that the small child was believed to have been bitten by an insect in the late afternoon on the day before he died. At approximately 11 p.m. he became ill and was taken to the emergency room of the local hospital. He was examined by an intern who found him suffering from an elevated temperature of 102 degrees, a small red or bluish area on his chest where he was believed to have been bitten by an insect, and infected ear drums. In the course of the examination the intern determined that the defendant had been the child's attending physician previously and asked the family if they desired him to call the defendant. In the conversation with the defendant the intern advised him the child was reportedly bitten by some type of insect and stated that he was suffering from infected ears and elevated temperature. After the intern discussed the matter with the defendant over the telephone, he gave the child a shot of phenobarbital to quiet him and a shot of penicillin, as well as two prescriptions for drugs to reduce the fever and keep him quiet and for the infected ear drums, and advised the parents to take the child home and watch him closely. This was done either under the immediate instructions of the defendant or as a result of consultation with the intern; as the evidence is somewhat in conflict as to whether the intern called the doctor for the purpose of obtaining instructions from him as the attending physician, or for purpose of mere consultation with reference to the patient. The prescriptions were not filled because drug stores were closed at that late hour, and the parents of the child were later awakened in the early morning hours around daylight with the child in a dying condition. He was again taken to the hospital but was dead on arrival. There is much testimony in the record based on hypothetical questions as to whether or not there was any malpractice in this case. While the defendant denied that he considered the child his patient by reason of the telephone call from the intern or that he was his primary responsibility, it is noted that he charged the parents for "call and consultation" from the emergency room at the hospital.

Error is enumerated as to the order and judgment overruling the motion for new trial as amended; the refusal of the court to grant the motion for mistrial made during argument to the jury because of allegedly improper remarks of appellee's

counsel; the alleged intimation or expression of opinion on the part of the court in ruling on the alleged and improper remarks, and to the refusal of the court to give a written request to charge, made by appellant's counsel. *Held:*

1. The right to a thorough and sifting cross examination shall always belong to every party as to witnesses called against him. *Code* § 38-1705. Accordingly, the court did not err in refusing to restrict counsel in asking a witness what he was being paid "to come here and testify against" the defendant. *Ga. Power Co. v. Gillespie,* 48 Ga. App. 688, 700 (173 SE 755); *Harris v. Central Railroad,* 78 Ga. 525, 534 (3 SE 355); *Crosby v. State,* 90 Ga. App. 63, 65 (82 SE2d 38); *Lightfoot v. Applewhite,* 212 Ga. 136, 137 (91 SE2d 37). A witness may always be cross examined as to his interest, attitude, bias, and feelings in the case. We find no error in this complaint.

2. The motion for mistrial complains of the argument of counsel for defendant to the jury at the close of the evidence that the plaintiff wanted them to find the defendant negligent in the death of the child and that he "killed the child through negligence." The court overruled the motion for mistrial and did not rebuke counsel. While the language is strong, one of the meanings of the word "kill" is to deprive of life. See Webster's New International Dictionary, Second Edition. We cannot say the court abused its discretion in allowing this argument based on the charges of negligent homicide and the evidence in this case. *Dictograph Products, Inc. v. Cooper,* 85 Ga. App. 421, 425 (69 SE2d 821); *Royal Crown Bottling Co. of Macon v. Bell,* 100 Ga. App. 438, 443 (111 SE2d 734); *Western & A. R. Co. v. York,* 128 Ga. 687, 688 (58 SE 183); *Adkins v. Flagg,* 147 Ga. 136, 137 (93 SE 92). Nor can we hold that the statement made by the court in overruling the motion "because of paragraph 9 in the petition," was in any way an expression of opinion by the court.

3. The request to charge, which is, in substance, that if you find from the greater weight of the evidence that the symptoms and physical condition of the child were such as to require a careful and prudent physician and surgeon to make further investigation, examination and tests before making a diagnosis, and in not making such, the child received improper treatment from which he died, "then if you so find, the defendant is guilty of malpractice," is argumentative, more

favorable to the plaintiff, and not adjusted to the evidence in this case. The undisputed evidence shows that the symptoms and physical conditions given the defendant over the telephone were not alarming, or such as to require the doctor's immediate presence, if in fact he was employed. The doctor had seen the patient only one other time. He claims the doctor-patient relationship was not present and never established, although there was evidence to the contrary. In addition, the parents made no effort to give the medication prescribed by the intern. Here there are many, many intervening questions since neither the intern nor the parents felt the child to be in grave danger, and the information imparted to the physician was not such as to demand any greater action on his part. *Martin v. Greer*, 31 Ga. App. 625 (121 SE 688); *Hinesley v. Anderson*, 75 Ga. App. 394, 399 (43 SE2d 736); *General Gas Corp. v. Whitner*, 110 Ga. App. 878 (2) (140 SE2d 227); *Pace v. Cochran*, 144 Ga. 261 (3) (86 SE 934); *Landrum v. Rivers*, 148 Ga. 774 (98 SE 477); *Downs v. Powell*, 215 Ga. 62 (3) (108 SE2d 715). Actual acts of malpractice have not been prescribed by the General Assembly, but, on the contrary, *Code* § 84-924 provides the doctor shall bring to his practice "a reasonable degree of care and skill," thus leaving it for a jury to determine whether this section had been complied with or violated. *Hinesley v. Anderson*, 75 Ga. App. 394, 399, supra. See also in this connection *Garrett v. Royal Brothers Co.*, 225 Ga. 533 (170 SE2d 294).

4. The evidence was sufficient to support the verdict, and none of the errors enumerated is meritorious.

*Judgment affirmed. Hall, P. J., and Deen, J., concur.*

ARGUED JANUARY 12, 1970—DECIDED FEBRUARY 12, 1970—REHEARING DENIED MARCH 3, 1970.

*Harris & Royal, Jackson B. Harris, Clary & Kent, Horace T. Clary,* for appellant.

*Matthews, Maddox, Walton & Smith, Oscar M. Smith,* for appellee.