49674. SOUTHEAST TRANSPORT CORPORATION et al. v. HOGAN LIVESTOCK COMPANY, INC.

MARSHALL, Judge.

Raymond Brantley, operating a truck belonging to

Southeast Transport Corporation, was traveling easterly on Highway No. 17 in Jenkins County and following a truck of Hogan Livestock Company loaded with swine. He asserted that the driver of the Hogan truck had been "riding the center line" of the highway for some distance and that he decided that it would be best if he passed the Hogan vehicle. When he could see far enough ahead to determine that the road was free of oncoming traffic he pulled over to the left and started to pass. When he thought that he had passed the Hogan truck he started to cut back over to the right, but looked in his rear view mirrors and saw the Hogan truck, over the center line and with its wheels turned into the Southeast truck at about a 45 degree angle. The left front wheel of the Hogan truck caught the front wheel of a tank trailer pulled by Southeast, and that caused the Hogan truck to turn back into the ditch and road bank to the right and turn over. Many of the hogs were killed.

Hogan had insurance on the cargo with Continental Insurance Company and it paid the loss, taking a loan receipt from Hogan. Thereafter this suit was brought in Hogan's name against Southeast to recover for the loss. Southeast moved to require Hogan to name Continental as an additional party plaintiff because it was "a party at interest." The court denied the motion.

On trial of the case Hogan used as a witness Officer Baxter, who had made an investigation of the event, and he described what he found on the scene in the way of dead hogs, tire marks, etc., and later counsel asked him whether he could "give us a further elaboration on the description of the tire and smudge marks which you observed at the scene?" Defendant's counsel objected on the ground that the witness had already testified concerning the tire and smudge marks and that the evidence would be repetitious. The objection was overruled.

Plaintiff used as a witness Harvey Fitzgerald, Jr., who testified concerning an investigation of the matter which he had made after the accident at the instance of his employer, Underwriters Adjusting Company. On cross examination counsel for the defendant sought to inquire of the witness as to whether the adjusting

company was acting in behalf of Continental Insurance Company in having the investigation made, but on objection the court disallowed the inquiry.

Defendant objected to the giving of requested charges on the matters of the duties of an owner of a vehicle used on the highway (a) to keep it in good condition and repair, and (b) to observe no-passing zones established on the highway by marking placed by the State Highway Department. The objections were overruled.

The jury returned a verdict for the plaintiff, and from the overruling of its motion for new trial defendant appeals, enumerating error on the matters above alluded to. *Held:*

1. In seeking to have Continental Insurance Company added as a party plaintiff it was and is the contention of appellant that when the company paid to Hogan its loss and took from it a loan receipt which authorized Continental to proceed, at its expense, to bring suit in Hogan's name to recover from Southeast, it amounted to an assignment of Hogan's claim or cause of action and made Continental a party at interest in this litigation, and that, as a party at interest, it should be joined under the provisions of Code Ann. § 81A-117 (a) (Ga. L. 1966, pp. 609, 629; 1968, pp. 1104, 1107).

If this were a matter of first impression the writer of this opinion would be inclined to agree with this contention. But it has been held that a loan receipt issued under these circumstances, and in the language of that used here, does not amount to an assignment, and that it is not required that the party advancing the money to cover the loss under an insurance policy, and taking the receipt, be made a party to an action subsequently brought to recover against a third party as the tortfeasor, and that the action may proceed in the name of the insured. *McCann v. Dixie Lake & Realty Co.,* 44 Ga. App. 700 (162 SE 869); *Green v. Johns,* 86 Ga. App. 646 (72 SE2d 78). The language of the loan receipt involved here is substantially the same as that which appeared in those cases. A different result would obtain if the language had been like that in *Kurtz v. Parker Plumbing & Heating Co.,* 118 Ga. App. 130 (162 SE2d 755), reversed in 225 Ga. 31

(165 SE2d 729).

2. The allowing of some repetition in the examination of a witness on direct examination is within the sound discretion of the judge, but it should be exercised with great caution and should be a rare rather than a common practice. *Bigelow v. Young,* 30 Ga. 121 (4). Compare *King v. Thompson,* 59 Ga. 380 (1). A careful consideration of the record here does not indicate an abuse of discretion.

3. We find no error in the refusal of the court to allow counsel for the defendant to cross examine the witness Fitzgerald concerning the identity of the insurance company for which his employer, Underwriters Adjusting Company, may have caused the investigation to be made. The witness had already, on direct examination, identified his employer and had testified that he made the investigation in the course of his employment.

Code § 38-1712 provides that "The state of the witness' feelings to the parties, and his relationship, may always be proved for the consideration of the jury." Continental Insurance Company was not a party to this action, and it does not appear that Fitzgerald had any relationship with it. His employment was not by it.

A witness is not impeached by virtue of his employment, but it is a matter which the jury is entitled to consider in judging his credibility. Thus, in a suit against a railroad it is proper to allow counsel to inquire of a witness whether he is an employee of the railroad, for showing a possibility of bias which he may have. *Louisville & Nashville R. Co. v. Ledford,* 142 Ga. 770 (3) (83 SE 792). It is permissible to allow questioning as to what he is being paid for his appearance as a witness and who is paying him. *Rogers v. Black,* 121 Ga. App. 299, 301 (1) (173 SE2d 431); *Barrett v. Southern R. Co.,* 41 Ga. App. 70 (10) (151 SE 690). It has been held that "A party may show anything which may, in the slightest degree, affect the credit of an opposing witness." *McGriff v. McGriff,* 154 Ga. 560 (5) (115 SE 21). But we do not perceive that this requires the allowing of counsel to pursue the inquiry to the realm of the identity of his employer's customers unless it be relevant for some other purpose. There is a

limit to cross examination beyond which the court is not required to permit counsel to go. He may confine it to matters which are germane or relevant to the issues, or which may have a tendency to impeach the witness. We do not think that the limiting of the cross examination here was beyond the permissible bounds.

The fact of insurance is not an issue in a damage action such as this, and we have long held that evidence as to it should be excluded. "[I]ntroduction into evidence that 'he [the defendant] had insurance' was calculated to suggest to the jury that any damages found in favor of the plaintiff would be paid by the insurance company and not by the defendant, and was highly prejudicial to the defendant's cause. We think it tended to relax the consciences of the jurors trying the case and render them less responsive to their oaths to do impartial justice between the parties. . . Nor do we think that allowing the evidence as to the insurance was harmless because the jury had been notified that the defendant carried insurance in that they had been purged before the beginning of the trial. . . [T]he fact that the jurors had been questioned on their voir dire as to their interest in the insurance company is no justification for the injection of insurance into the case by the plaintiff on the trial." *Minnick v. Jackson,* 64 Ga. App. 554, 560, 561 (13 SE2d 891). See also *McRee v. Atlanta Paper Co.,* 84 Ga. App. 181, 183 (65 SE2d 832); *General Supply Co. v. Toccoa Plumbing Co.,* 138 Ga. 219 (75 SE 135); *Hoard v. Maddox,* 202 Ga. 274 (4) (42 SE2d 744); *Harper Warehouse v. Henry Chanin Corp.,* 102 Ga. App. 489, 493 (116 SE2d 641); *Lanier v. Lee,* 111 Ga. App. 876, 878 (143 SE2d 487); *Black v. New Holland Baptist Church,* 122 Ga. App. 606, 609 (178 SE2d 571).

"These particular remarks by plaintiff's counsel were calculated to impress the minds of the jury with the idea that the defendant company would not have to pay the verdict and judgment, if against it, for the reason that it had an arrangement with an insurance company to pay all such verdicts for injuries to its employees. While the court did all that could be done to disabuse them of this impression, it must still have lingered in their minds. The most effectual way to stop such conduct on the part of

counsel is for the trial judge to grant a mistrial, whenever it occurs and a motion for a mistrial is made." *O'Neill Mfg. Co. v. Pruitt,* 110 Ga. 577, 579 (36 SE 59).

The rule that the plaintiff be allowed the right of a thorough and sifting cross examination must be balanced against the rule that irrelevant matters of insurance coverage should be excluded from evidence. In the interest of justice, the matter of insurance which is not a germane issue, should be kept out.

4. The court gave plaintiff's request to charge the substance of Code Ann. § 68-1723 (Ga. L. 1953, Nov. Sess., pp. 556, 615; 1963, pp. 333, 334), providing that "No person shall drive or move on any highway any motor vehicle, trailer, semi-trailer or pole trailer, or any combination thereof, unless the equipment upon any and every said vehicle is in good working order and adjustment as required in this law; and said vehicle is in such safe mechanical condition as not to endanger the driver or other occupant or any person upon the highway."

It was admitted by Southeast that the speedometer on its truck was out of order, but there was no evidence as to any other fault or defect. There was no evidence that the faulty speedometer caused or contributed in any way to causing the collision of the two trucks. Unless violation of the statute had some proximate causal connection between the violation and the injury complained of, it is irrelevant and can not be relied upon as actionable negligence. *Gulf Oil Corp. v. Stanfield,* 213 Ga. 436 (99 SE2d 209). See also *Hughes v. Atlanta Steel Co.,* 136 Ga. 511 (1) (71 SE 728); *Central of Georgia R. Co. v. Moore,* 149 Ga. 581 (101 SE 688); *Reliable Transfer Co. v. Gabriel,* 84 Ga. App. 54, 64 (65 SE2d 679); *Edison v. Mathews,* 120 Ga. App. 711, 713 (172 SE2d 144).

It appears that the court also charged that "The violation of a State statute constitutes negligence as a matter of law, imposing liability to the extent that any such violation contributed proximately to the claimed injury." With this the jury was not authorized to return a verdict based upon negligence which was not a proximate cause of the injury and damage, and even though there may have been no evidence from which it

reasonably could be concluded that the faulty speedometer was a proximate cause and thus that the giving of the requested charge was error, it was harmless error, and does not require a new trial. Code Ann. § 81A-161 (Ga. L. 1966, pp. 609, 664).

5. Appellant urges that it was error to give a requested charge relative to no-passing zones indicated on the highway by a double yellow line, and established by the State Highway Department under authority of Code Ann. § 68-1638 (Ga. L. 1953, Nov. Sess., pp. 556, 584; 1959, pp. 144, 145), and the duty of a motorist to observe them, contending that these zones were established for the benefit of oncoming motorists traveling in the opposite direction, and not for the benefit of one whose vehicle is being passed. We do not agree. There is danger to the vehicle being passed and its occupants in the passing of it by another at dangerous places, such as on curves, hills, and the like, as well as to the vehicle doing the passing and to oncoming traffic from the opposite direction. We find no error in the giving of this request.

6. The general grounds of the motion for new trial are without merit.

*Judgment affirmed. Bell, C. J., Deen, P. J., Quillian, Clark and Webb, JJ., concur. Pannell, P. J., Evans and Stolz, JJ., dissent.*

Submitted September 6, 1974 — Decided January 7, 1975 — Rehearing denied February 3, 1975.

*Sharpe, Hartley & Newton, Hugh B. McNatt,* for appellants.

*Bouhan, Williams & Levy, James M. Thomas,* for appellee.

Stolz, Judge, dissenting.

1. I concur in Divisions 1, 2, 4, 5 and 6 of the majority opinion.

2. I must respectfully dissent from Division 3 of the majority opinion. Its basic fault lies in the statement that "Continental Insurance Company [Continental] was not a party to this action, *and it does not appear that*

*Fitzgerald had any relationship with it.* His employment was not by it." (Emphasis supplied.) The record simply does not show this to be the case. It was shown by the testimony of the witness Fitzgerald or by the statements of counsel in colloquy with the court that Fitzgerald was employed by Underwriters Adjusting Co. (Underwriters) (T, 47); that Underwriters was connected with Continental (T, 47); that Underwriters handled Continental's claims (T, 47); that Fitzgerald was employed by and working for Underwriters at the time he investigated the collision in question (T, 49); that Continental owns the loan receipt which was used in payment of the loss (T, 49); that Fitzgerald investigated the accident on behalf of a party interested in some of the cargo being carried (T, 49); that Underwriters is a subsidiary of Continental (T, 51); that Underwriters is Continental's adjusting company (T, 52); that there is a relationship between Underwriters and Continental (T, 52); and that the loan receipt was received from the Marine Office, an affiliate of Continental (T, 54). From the foregoing, I believe it is obvious that there was a substantial relationship between the witness' employer (Underwriters) and Continental. The citations of authority contained in the majority opinion, constitute ample authority for allowing counsel to develop on cross examination matters which could show to the jury "anything which may, in the slightest degree, affect the credit of an opposing witness." *McGriff v. McGriff,* 154 Ga. 560 (5) (115 SE 21).

I would reverse the trial judge for unduly restricting counsel's right of cross examination and, therefore, dissent.

I am authorized to state that Presiding Judge Pannell and Judge Evans concur in this dissent.

EVANS, Judge, dissenting.

I concur in Judge Stolz' dissent as to Division 3 of the majority opinion, and add the following:

Counsel for plaintiff sought to cross examine Harvey J. Fitzgerald, Jr., a witness who testified that he went to the scene of the collision and investigated same, by asking him *who sent him to the scene of the accident.*

Defendant's counsel objected thus: "Well, this is not admissible for the simple reason that *the fact of insurance on the part of either party is inadmissible.*" (Tr. p. 46) (Emphasis supplied.) A majority of the members of this court, strangely enough, seem to agree with that contention.

But it is not now and never has been the law of Georgia that *the fact of insurance on the part of either party is inadmissible.* The rule is far different, said rule being that when insurance is brought out for no other purpose except to prove insurance, it is inadmissible, but if insurance is brought out in connection with other material and admissible evidence, the evidence will not be excluded simply because it also proves insurance.

The interest or want of interest of a witness in a case is always a proper matter to be proven. Code §§ 38-107, 38-1712; *Camp v. State,* 31 Ga. App. 737, 741 (8) (122 SE 249). And that is what plaintiff's counsel sought to do here, to show the interest of the witness, by showing why he went to the scene of the collision, that is, who sent him. If an insurance company sent him to the scene, he should have been required to answer and give that information to the court.

The correct rule is clearly pronounced in the case of *Goldstein v. Johnson,* 64 Ga. App. 31, 35 (12 SE2d 92): "'According to the generally accepted rule, the fact that defendant is insured or otherwise indemnified against loss in the event of a recovery against him can not be shown *as an independent fact by plaintiff* [citing *Bibb Mfg. Co. v. Williams,* 36 Ga. App. 605 (137 SE 636); *Heinz v. Backus,* 34 Ga App. 203 (128 SE 915); *Sims v. Martin,* 33 Ga. App. 486. (126 SE 872)) *although it may be shown where it is brought out as an incident to the proof of some other fact properly involved.*' . . ." (Emphasis supplied.) Besides the cases above cited, in *Wade v. Drinkard,* 76 Ga. App. 159 (5) (45 SE2d 231), it was held proper to allow proof that a party stated at the scene that he had insurance, both as a statement against interest and as a part of the res gestae.

In *Shapiro Packing Co. v. Landrum,* 109 Ga. App. 519, 521 (136 SE2d 446), this court, speaking through Judge Eberhardt, held: "The generally accepted rule is

that the fact that a defendant is insured or otherwise indemnified against loss in the event of a recovery against him can not be shown *as an independent fact* by a plaintiff." (Emphasis supplied.) And therein is the true answer; if the fact of insurance is a part of other relevant evidence, it is admissible; if it is shown *as an independent fact,* merely to show insurance, it is inadmissible.

In support of its position, the majority opinion at page 829 cites seven cases, but not a single one of them deals with the question of insurance being introduced in connection with other relevant testimony. I readily concede that it can not be introduced as an independent fact.

In this case, plaintiff's counsel is to be deprived of the valuable and proper right of cross examination of an adverse witness, in that he is not to be allowed to show the interest of the witness. He did not try to show insurance *as an independent fact,* and he could not be deprived of the right to introduce admissible evidence simply because it contained the magic word "insurance."